FILED

05/05/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 5, 2017

## STATE OF TENNESSEE v. COREY JERMAINE HART

**Appeal from the Circuit Court for Henderson County**
**Nos. 05-009-1, 05-010-1     Roy B. Morgan, Jr., Judge**

---

### No. W2016-00565-CCA-R3-CD

---

The Defendant, Corey Jermaine Hart, appeals from the trial court's dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 for failure to assert a colorable claim. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

George Morton Googe, District Public Defender; and Hewitt Chatman, Assistant Public Defender, for the appellant, Corey Jermaine Hart.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Angela R. Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

On April 25, 2005, in two separate cases, 05-009-1 and 05-010-1, the Defendant pled guilty to possession of a Schedule II controlled substance with intent to sell or deliver, possession of drug paraphernalia, aggravated assault, and reckless endangerment involving a deadly weapon. The trial court merged the drug convictions and imposed a sentence of ten years for that conviction. The court imposed a sentence of eight years for the aggravated assault conviction and four years for the reckless endangerment conviction. The trial court ordered that all of the sentences run concurrently for an

effective term of ten years. On June 30, 2005, the trial court entered an amended judgment for the aggravated assault conviction, crediting the Defendant with pretrial jail service.

On August 6, 2015, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, alleging that his sentences for the aggravated assault and reckless endangerment convictions were illegal because they were run concurrently with his other sentence despite the fact that he was on bail at the time he committed the offenses.[1] In his Rule 36.1 motion, the Defendant also claimed that his sentences were illegal because the trial court "did not enter a judg[]ment that includes the award of [pretrial jail] credits." On August 12, 2015, the trial court entered an order appointing counsel to represent the Defendant at a hearing on the motion. The parties agreed to continue the hearing to November 13, 2015. On February 19, 2016, the trial court denied the motion in light of State v. Brown, 479 S.W.3d 200, 208-09 (Tenn. 2015), in which our supreme court held that Rule 36.1 was inapplicable to expired sentences, and found that the Defendant's sentences had expired on August 14, 2013. The Defendant appealed.

## ANALYSIS

Rule 36.1 provides "a mechanism for the defendant or the State to seek to correct an illegal sentence." Brown, 479 S.W.3d at 208-09. When a defendant files a motion under Rule 36.1, the trial court must determine whether the motion "states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). If it does, the trial court should appoint counsel for the defendant and hold a hearing to consider the motion.[2] Id. In the context of Rule 36.1, a colorable claim is a claim that, "if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015). Rule 36.1 "does not authorize the correction of expired illegal sentences," and "a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired." Brown, 479 S.W.3d at 211.

The Defendant argues that, when he filed his motion to correct an illegal sentence on August 6, 2015, the law regarding the applicability of Rule 36.1 to expired sentences was unsettled. He points to two unpublished opinions of this court as well as an order by a trial court judge granting a Rule 36.1 motion in another defendant's case to show that

---

[1] The record contains a probation revocation hearing transcript seemingly regarding unrelated charges that does not appear to have any relevance to the Rule 36.1 motion or this appeal.

[2] Rule 36.1 was amended in part effective July 1, 2016. The prior version is applicable to this case.

the law was unsettled at the time. Essentially, the Defendant argues that he is entitled to relief because it is possible that some court *might* have granted him relief under the state of the law when he filed his motion.

The Defendant's sentences expired before he filed his Rule 36.1 motion, but Brown resolved this issue. Id. The trial court had no authority or procedural mechanism to afford the Defendant relief on his expired sentences at the time the court ruled on the Defendant's motion.

Moreover, to the extent the Defendant's argument might be construed as a complaint regarding the delay between the filing of his Rule 36.1 motion and the trial court's ultimate ruling on it, the Defendant consented to the continuance and cannot now challenge the delay.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE